**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4209**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CAROL GAUVREAU,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:15-cr-00272-GBL-IDD-1; 1:15-po-00935-IDD-1)

Submitted: January 31, 2017         Decided: February 8, 2017

Before GREGORY, Chief Judge, TRAXLER, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Phoenix A. Harris, HARRIS & CARMICHAEL PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Rachel G. Hertz, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial before a magistrate judge, Carol Gauvreau was convicted of speeding and driving under the influence.* Pursuant to Fed. R. Crim. P. 33, Gauvreau moved for a new trial based on ineffective assistance of trial counsel. The magistrate judge denied the motion. Gauvreau appealed to the district court, which also denied the motion. Gauvreau now appeals the denial of her motion for a new trial to this court, raising the same three claims of ineffective assistance of counsel she presented below: (1) counsel was ineffective for failing to challenge the accuracy of the laser speed detection device based on its outdated calibration certificate; (2) counsel was ineffective for failing to introduce evidence of Gauvreau's knee injury by way of a June 2015 MRI report; and (3) counsel was ineffective for failing to introduce evidence of Gauvreau's prescription history.

Fed. R. Crim. P. 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Claims of ineffective assistance of counsel may be brought as the basis for a motion for new trial under Fed. R.

---

*  Gauvreau was also convicted of reckless driving, but that conviction was subsequently vacated by the district court.

2

Crim. P. 33. <u>United States v. Russell</u>, 221 F.3d 615, 619 (4th Cir. 2000). "Although generally not raised in the district court nor preserved for review on appeal, ineffective assistance claims asserted in motions under Rule 33 — and ruled on by the district court — may be considered on direct appeal." <u>Id.</u> We review the denial of such a motion for abuse of discretion. <u>Id.</u> A district court abuses its discretion when it (1) acts "arbitrarily, as if neither by rule nor discretion," (2) fails to "adequately . . . take into account judicially recognized factors constraining its exercise" of discretion, or (3) rests its decision on "erroneous factual or legal premises." <u>James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993).

Rule 33 motions alleging ineffective assistance of counsel "must satisfy the two-pronged test articulated by the Supreme Court in <u>Strickland v. Washington</u>, [466 U.S. 668, 687 (1984)]". <u>Russell</u>, 221 F.3d at 620. The movant must show, first, that counsel's performance was objectively unreasonable in "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. In scrutinizing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. Second, the movant must show that her defense was prejudiced by

3

counsel's deficient performance. Id. at 687. To demonstrate prejudice, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Thus, a movant "must demonstrate that but for counsel's errors, there is a reasonable probability that [s]he would not have been convicted." United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

We have reviewed the record and relevant legal authorities and conclude that Gauvreau fails to satisfy the requirements of Strickland. Because the district court did not abuse its discretion in denying Gauvreau's Rule 33 motion for a new trial, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4